[No. 30.   Decided May 31, 1890.]

CHARLES G. JOHNSTONE, WILLIAM OLSEN and HERMAN METZGER v. CHARLES EISENBEIS.

APPEAL — FINAL ORDER — INJUNCTION.

In an action for injunction, where defendant moves to dissolve the temporary injunction granted plaintiff, and also for an injunc-

tion against plaintiff, an order denying both branches of the motion without adjudicating upon plaintiff's prayer for a a permanent injunction, is not a final judgment, from which appeal will lie to the supreme court.

*Appeal from District Court, Jefferson County.*

*Wm. T. Muir*, for appellants.

*Calhoun & Coleman*, for appellee.

The opinion of the court was delivered by

HOYT, J.— The plaintiff herein filed his complaint in the lower court asking that defendants be perpetually enjoined from doing certain acts therein complained of, and obtained from the court a temporary restraining order pending the hearing of the cause. Defendants filed their answer, in which they set forth certain affirmative allegations, and, based thereon, asked an injunction against the plaintiff. Upon the record thus made up, and upon other papers and affidavits filed in the cause, defendants served notice upon the other party that they would move the court to dissolve the restraining order that had been granted to plaintiff, and to grant unto said defendants an injunction restraining the plaintiff from doing certain acts set out therein. Upon the hearing of the motions the court made an order simply denying both branches of said motion, and making no other adjudication as to the rights of the parties. Was this order such that an appeal therefrom would lie to this court? If it was not a *final* judgment or order, then (under numerous decisions of this court) an appeal therefrom would not lie. And we think it was not. There was no final disposition of the cause. The plaintiff is still in court asking for the permanent injunction, and his right thereto has never been adjudicated; there was no judgment that finally foreclosed the rights of either party, nor was there any order as to costs. The order, we think, was interlocutory and not final.

The appeal must be dismissed, and it is so ordered.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.